UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                      Plaintiff,

-against-

DOCTOR MRS. HO, MENTAL HEALTH;
THERAPIST ERICA S., MENTAL HEALTH,

                      Defendants.

21-CV-1855 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Nigel Fredricks,[1] who is currently incarcerated in the Anna M. Kross Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated May 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Plaintiff has filed multiple complaints in this court under the names Fredricks and Fredericks. *See Fredricks v. Doe,* ECF 1:20-CV-5738, 16 (AT) (JLC) (S.D.N.Y. filed July 21, 2020) (pending civil rights complaint), *appeal from order of service dismissed*, 20-3918 (2d Cir. Feb. 17, 2021); *Fredricks v. Doe,* ECF 1:20-CV-5792, 4 (CM) (S.D.N.Y. Aug. 30, 2020) (dismissing civil rights complaint without prejudice as duplicative); *Fredericks v. Doe,* ECF 1:20-CV-11043, 7 (LLS) (S.D.N.Y. Mar. 4, 2021) (transferring complaint to the Eastern District of New York); *Fredricks v. Doe,* ECF 1:21-CV-00553, 2 (GBD) (JLC) (S.D.N.Y. filed Jan. 21, 2021) (pending civil rights complaint); *Fredricks v. Hallet,* ECF 1:21-CV-3690, 1 (LTS) (S.D.N.Y. filed Apr. 26, 2021) (pending *habeas corpus* petition); *Fredricks v. Debra,* ECF 1:21-CV-01122, 5 (LLS) (S.D.N.Y. Feb. 26, 2021) (directing Plaintiff to amend his complaint); *Fredricks v. Parilla,* ECF 1:21-CV-1893, 2 (S.D.N.Y. filed Mar. 2, 2021) (pending civil rights complaint). He is currently in the custody of the New York City Department of Correction under the name Fredricks.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the Court's prisoner complaint form to bring this action and provides a handwritten statement of the facts giving rise to his claims that is difficult to read. He sues "Doctor Mrs. Ho," a doctor with the Mental Health Unit at the George R. Vierno Center (GRVC) on Rikers Island, and "Therapist Erica S.," a therapist at Mount Sinai Hospital. Although the facts from which Plaintiff's claims arose are not clearly stated, he appears to express his dissatisfaction with his mental health treatment.

The following facts are taken from the complaint. On October 18, 2018, a psychiatric doctor at Sing Sing Correctional Facility "mandated" that Plaintiff report to Mount Sinai for follow-up mental health treatment upon his release from prison. (ECF 2, at 9.) After Plaintiff was released from custody in November 2018, he began seeing Defendant Erica S. at Mount Sinai. During several sessions with Defendant Erica S., Plaintiff "freely" discussed with her the "unspecify trauma" during his incarceration that led to his mental health diagnosis. (*Id.*) They also discussed his medications, his "diagnosis of antisocial," and his other mental health needs. (*Id.* at 10.) Plaintiff was later diagnosed with major depression and post-traumatic stress disorder (PTSD) for which he took the psychotropic drug Prozac.[3]

On August 1, 2019, Plaintiff was arrested and detained on Rikers Island. There, he obtained a copy of his medical records and discovered that it contained a diagnosis of "cannabis

---

[3] It is unclear whether Plaintiff was taking Prozac before he was diagnosed with major depression and PTSD. He alleges that, when he discussed his medications with Defendant Erica S., they also discussed his taking Prozac. (ECF 2 at 10.)

abuse disorder and an unspecify truma [sic]" although he did not use drugs, had never tested positive for any drug while incarcerated, and had not spoken to any mental health staff member at Rikers Island about his "truma [sic] issue." (*Id*. at 11.) Plaintiff's medical records did not state who was responsible for the incorrect diagnosis, but he assumed it was Dr. Ho because she handed the records to Plaintiff, she had signed off on the copy, and she may have the authority to make changes to his medical records without a second opinion of a psychiatric doctor.

Plaintiff asserts that Defendants deprived him of his right to due process under the Fourteenth Amendment by taking "advantage of his life and liberty for 18 months." (*Id*. at 12.) He poses the following questions: "in order for a medical profession to meet [a person's] needs their [sic] must be an intellectual conversation correct? so without no consent of changes to my civil rights then how for[sic] did the defendants really get? over lack of communication 18 months?" (*Id*.) Plaintiff seeks money damages.

## DISCUSSION

As noted, Plaintiff's claims are not clearly stated, but his assertions suggest his belief that Defendants failed to provide him with adequate mental health care. Plaintiff, who is a pretrial detainee, brings these claims under 42 U.S.C. § 1983, asserting that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment.

A.     **Claims against Therapist Erica S.**

Plaintiff's claims against Defendant Erica S. must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States

Constitution regulates only the Government, not private parties."). As Defendant Erica S. is a private party who is not alleged to have been working for any state or other government body, and Plaintiff does not allege facts suggesting that her actions could be "fairly attributable" to the state, she is not subject to liability under § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The Court dismisses Plaintiff's claims against Defendant Erica S. for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against Dr. Ho**

Plaintiff also fails to state a claim for relief against Dr. Ho relating to his mental health care at Rikers Island. To state a medical claim under the Fourteenth Amendment, a plaintiff must allege facts suggesting that (1) his medical conditions are sufficiently serious (the "objective element"), and (2) correctional staff acted with at least deliberate indifference to the challenged conditions (the "subjective element"). *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not actionable under § 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Nor is the

5

negligence of a correction official a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege facts sufficient to suggest that Dr. Ho was deliberately indifferent to his mental health needs. Plaintiff asserts that he has been diagnosed as having antisocial behavior, major depression, and PTSD, but he does not allege any facts suggesting that he has been denied constitutionally adequate mental health care. Plaintiff takes issue with the fact that his medical health records included an incorrect diagnosis of cannabis abuse disorder, and he claims that he did not have an "intellectual conversation" with the medical staff for them to properly assess his mental health needs. But he does not allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, or that Dr. Ho or any other prison official was deliberately indifferent to any risk of serious harm to his safety or health. The Court therefore finds that Plaintiff has failed to state an inadequate mental health care claim under the Fourteenth Amendment's Due Process Clause against Dr. Ho.

## LEAVE TO AMEND

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 44-45 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and

frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because it is not clear whether amendment would be futile, the Court grants Plaintiff leave to file an amended complaint.

Should Plaintiff choose to amend his complaint, he must detail his claims of inadequate mental health care. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.[4] If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[4] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at the Anna M. Kross Center, during the 7 am. to 3 p.m. shift."

The naming of "John Doe" or "Jane Doe" defendants does *not*, however, toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe or Jane Doe" defendants and amending his complaint to include the identity of any "John Doe or Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Erica S. and Dr. Mrs. Ho under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1855 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 17, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial           Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                     State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                              Plaintiff's Signature

_____  _____  _____
First Name                          Middle Initial             Last Name

_____
Prison Address

_____          _____          _____
County, City                                      State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6